## Illinois Central Railroad Co. v. Hugh W. Hill.

1. RAILROADS—*A Recovery in a Suit for Double the Value of a Fence, Sustained.*—In a suit against a railroad company by the owner of land adjoining its right of way to recover double the value of a fence built by such owner, the court considers the notice served on the railroad company (set out in full in the opinion), and holds that while the demand in the notice to build a " suitable and sufficient fence " would have been fulfilled if the defendant had either built a new fence or repaired the old one in a manner to make it a good and sufficient fence as required by law, yet as it did neither, the plaintiff had a right, under the provisions of the statute and said notice, to either build a new fence that would be good and sufficient, or to repair the old one in a manner to make it such a fence, whichever the condition of the old fence reasonably required.

**Debt,** against a railroad company to ˙recover double the value of a fence. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

I. A. BUCKINGHAM, attorney for appellant.

J. R. FITZGERALD, attorney for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

This was an action of debt commenced by the appellee against the appellant in the Circuit Court of Macon County to recover double the value of a fence built by him after notice.

There was a trial in that court, before the court without a jury, and a judgment for the appellee for $430. Appellant brings the case to this court by appeal, and urges as grounds for reversal that the Circuit Court improperly refused its propositions of law, and that the verdict is excessive.

The claim of the appellee in his declaration is that he owns a tract of land adjoining the west line of the right of way of the appellant, and that the fence on the line between

them was not suitable and sufficient, as provided by section 68 of chapter 114, Starr & Curtis's Ill. Statutes; that he had notified the appellant as required by section 71 of said chapter, and as appellant had failed to build such fence as required by the notice and the provisions of section 72 of said chapter, he had built such fence and demanded double the cost thereof, as section 71 provided he might.

The appellant interposed, by plea and stipulation, a general denial to this claim.

The proper construction of the notice that was given, and of the said sections 71 and 72, under the facts in evidence, is presented for our determination.

The evidence showed the following notice was given by the appellee to the appellant on its date, viz.:

"DECATUR, Illinois, September 19, 1896.
To THE ILLINOIS CENTRAL RAILROAD COMPANY:

You are hereby notified that the fence along the west side of your right of way over the southwest quarter of section eight (8) and the north half of the northwest quarter of section seventeen (17), all in township fourteen (14) north, range two (2) east of the third (3rd) principal meridian, and adjoining premises owned by the undersigned in Macon county, Illinois, is not suitable and sufficient to prevent cattle, horses, sheep, hogs, and other stock from getting on such railroad, and you are further notified that unless the same is made suitable and sufficient, as is required by the statute of the State of Illinois, within thirty days from this date, I, the undersigned, H. W. Hill, will proceed and make such suitable and sufficient fence, and hold your said railroad company for double the value thereof, as is by the said statute in such case made and provided.

                                        H. W. HILL."

And that on October 21, 1896, the appellee procured men and material on the ground and commenced at the north end thereof, to build a new fence where the old one was, between him and the right of way of the appellant, and had, by October 26, 1896, built 580 feet of new fence; on this latter day the appellant commenced six inches back

on its right of way, from the line, and that distance from the end of the 580 feet of fence then completed by the appellee, and built a fence from there to the end of the line between the parties hereto, making it all the way six inches from the line and using partly the material of the old fence and partly new material.

The appellee continued to build, and completed on the line a good and sufficient new fence, using new cedar posts, fence-plank, wire, nails and staples. The old fence was not sufficient under the law, and it was necessary either to repair it or build a new one, the evidence being conflicting on that point, as it was also on the question of the cost of a new one or repairing the old one.

After the evidence was concluded the appellant requested the court to hold as the law the two following propositions, viz.:

First. "The court holds that the notice introduced in evidence is a notice to repair an old fence."

Second. "The court holds as a matter of law, that under the notice read in evidence, the plaintiff could not build a new fence and recover double the value thereof."

But the court refused them both.

It is insisted by counsel for the appellant that said notice was to repair the old fence, and not to build a new one, and no recovery can be had under said notice and said sections 71 and 72 of chapter 114 of our Statutes, because the appellee built a new fence and did not repair the old one.

While we think the demand in the notice to build a "suitable and sufficient fence" would have been fulfilled if the appellant had, in the time specified in said section 72, either built a new fence or repaired the old one in a manner to make it a good and sufficient fence as required by that section, yet, as it did neither within that time, the appellee then had a right, under the provisions of said statute and said notice, to either build a new fence that would be good and sufficient, as therein provided, or repair the old one in a manner to make it such a fence, whichever the real condition of the old fence reasonably required.

The real condition of the old fence was a disputed question of fact, as was also the cost of the new fence that appellee built; and from a careful reading of the evidence contained in this record, we can not say the court erred in his holdings on these, nor was it error to refuse the propositions of law submitted, as we think the notice given was sufficient to recover for the new fence.

Hence the judgment of the Circuit Court in this case is right, and we affirm it.   Judgment affirmed.